**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
<u>Southern</u>          District of <u>New York</u>
                                    (State)
Case number *(if known)*: <u>19-</u>          Chapter <u>11</u>

☐ Check if this is an amended filing

# Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**          <u>Aegerion Pharmaceuticals Holdings, Inc.</u>

**2. All other names debtor used in the last 8 years**          <u>N/A</u>

Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)          <u>61-1721331</u>

**4. Debtor's address**

**Principal place of business**

<u>245 First Street, Riverview II</u>
Number     Street

<u>18th Floor</u>

<u>Cambridge</u>          <u>MA</u>          <u>02142</u>
City          State          ZIP Code

<u>Middlesex</u>
County

**Mailing address, if different from principal place of business**

Number     Street

P.O. Box

City          State          ZIP Code

**Location of principal assets, if different from principal place of business**

<u>See Attachment A</u>
Number     Street

City          State          ZIP Code

**5. Debtor's website** (URL)          <u>N/A</u>

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **1**

Debtor  Aegerion Pharmaceuticals Holdings, Inc.                           Case number *(if known)* 19-
        Name

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   3254

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11.  *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYYY
            District _____   When _____   Case number _____
                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.   Debtor  See Attachment A              Relationship  Affiliate
             District  Southern District of New York    When  Date Hereof
                                                             MM / DD / YYYY
             Case number, if known  Pending

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **2**

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number    Street

_____

_____        _____      _____
City                    State       ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name     _____
        Phone            _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets***

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

* Information provided on a consolidated basis, and based on financial statements as of March 31, 2019.

| 16. | Estimated liabilities* | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- | --- | --- |
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

* Information provided on a consolidated basis, and based on financial statements as of March 31, 2019.

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05 / 20 / 2019
            MM / DD / YYYY

✗ /s/ John R. Castellano                          John R. Castellano
Signature of authorized representative of debtor   Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Paul V. Shalhoub                            Date  05 / 20 / 2019
Signature of attorney for debtor                        MM / DD / YYYY

Paul V. Shalhoub, Esq.
Printed name

Willkie Farr & Gallagher LLP
Firm name

787            Seventh Avenue
Number         Street

New York                                          NY              10019
City                                              State           ZIP Code

(212) 728-8000                                    pshalhoub@willkie.com
Contact phone                                     Email address

2492858                                           New York
Bar number                                        State

# ATTACHMENT A TO VOLUNTARY PETITION

1. **Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "**Debtors**"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

| |
|---|
| Aegerion Pharmaceuticals, Inc. |
| Aegerion Pharmaceuticals Holdings, Inc. |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

2. **Location of the Debtors' Principal Assets (on a Consolidated Basis)**

    a. Certain material contracts, which generate a significant portion of the Debtors' revenues, are governed by New York law and provide for venue in non-bankruptcy matters in New York.

    b. The Debtors' funded debt is governed by New York law and provides for venue in non-bankruptcy matters in New York.

    c. The Debtors maintain bank accounts in New York City.

    d. The Debtors have funded retainers for certain professionals held in bank accounts located in New York City.

    e. The Debtors lease office space at the following location:

    245 First Street, Riverview II
    18th Floor
    Cambridge, MA  02142

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                                    :   Chapter 11
                                                          :
Aegerion Pharmaceuticals, Inc., et al.,[1]                :   Case No. 19-_____ (       )
                                                          :
                    Debtor.                               :   (Joint Administration Pending)
---------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

      Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty largest unsecured claims (the "**Top 30 List**") against Aegerion Pharmaceuticals, Inc. and Aegerion Pharmaceuticals Holdings, Inc. (collectively, the "**Debtors**").  This list has been prepared based upon the books and records of the Debtors.  The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.  The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors.  The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are Aegerion Pharmaceuticals, Inc. (0116), and Aegerion Pharmaceuticals Holdings, Inc. (1331).  The Debtors' executive headquarters are located at 245 First Street, Riverview II, 18th Floor, Cambridge, MA 02142.

| **Fill in this information to identify the case:** | | |
|---|---|---|
| Debtor name: Aegerion Pharmaceuticals, Inc., et al. | | |
| United States Bankruptcy Court for the: Southern | District of New York (State) | Check if this is an amended filing |
| Case number (if known): 19-_____ | | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Bank of New York Mellon Trust Company, N.A. Attn: Michael Countryman 2 North LaSalle Street, Suite 1020 Chicago, IL 60602 | Michael Countryman Email: michael.countryman@bnymellon.com | Debt | | | | $304,079,722.22 |
| 2 | U.S. Department of Justice Consumer Protection Branch 450 5th St NW Rm 6400-S Washington, DC 20001 | Shannon L. Pedersen Tel: (292) 532-4490 Email: L.Pedersen@usdoj.gov | Settlement Agreement | | | | $19,926,515.26 |
| 3 | U.S. District Court of Massachusetts Attn: Lucien Adam 1 Courthouse Way Boston, MA 02210 | Lucien Adam Tel: (617) 748-9136 Email: Lucien_Adam@mad.uscourts.gov | Settlement Agreement | | | | $3,284,263.88 |

Official Form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims          page 1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4  Securities and Exchange Commission  Securities and Exchange Commission  Attn: Dawn A. Edick  100 F St., NE  Washington, DC 20549 | Marc Jones  Tel: (617) 573-8947  Email: jonesmarc@sec.gov | Settlement Agreement | | | | $1,167,906.16 |
| 5  Choate Hall & Stewart LLP  Two International Place  Boston, MA 02110 | Jack Cinquegrana  Tel: (617) 248-4002  Email: rcinquegrana@choate.com | Professional Services | | | | $495,400.85 |
| 6  Medicaid Fraud Control Unit of California  Office of the Attorney General  2329 Gateway Oaks Drive, Suite 200  Sacramento, CA 95833 | Saralyn M. Ang-Olson  Tel: (916) 621-1793  Email: saralyn.angolson@doj.ca.gov | Settlement Agreement | | | | $455,866.15 |
| 7  Delaney Kester LLP  4505 Las Virgenes Road Suite 203  Calabasas, CA 91302 | Royston H. Delaney  Tel: (857) 498-0384  Email: rory@rorydelaney.com | Settlement Agreement | | | | $286,142.80 |
| 8  Medicaid Fraud Control Unit of Pennsylvania  Office of the Attorney General  1600 Strawberry Square  Harrisburg, PA 17120 | Laurie A. Malone  Tel: (717) 783-1481  Email: lmalone@attorneygeneral.gov | Settlement Agreement | | | | $254,419.56 |
| 9  Veeva Systems, Inc.  PO Box 740434  Los Angeles, CA 90074-0434 | Debra Lavender Barry  Email: debra.lavender@veeva.com | Trade Payable | | | | $249,525.00 |
| 10  Medicaid Fraud Control Unit of Ohio  Office of the Attorney General  150 East Gay Street, 17th Floor  Columbus, OH 43215 | Keesha Mitchell  Tel: (614) 466-0722  Email: keesha.mitchell@ohioattorneygeneral.gov | Settlement Agreement | | | | $136,803.14 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Medicaid Fraud Control Unit of New York Office of the Attorney General 120 Broadway, 13th Floor New York, NY 10271 | Amy Held  Tel: (212) 417-5250 Email: amy.held@ag.ny.gov | Settlement Agreement | | | | $120,984.12 |
| 12 | Medicaid Fraud Control Unit of Indiana Office of the Attorney General 8005 Castleway Drive Indianapolis, IN 46250-1946 | Matthew Whitmire  Tel: (317) 915-5303 Email: matthew.whitmire@atg.in.gov | Settlement Agreement | | | | $115,990.12 |
| 13 | Medicaid Fraud Control Unit of Kentucky Office of the Attorney General 1024 Capital Center Drive Frankfort, KY 40601 | Michelle Rudovich  Tel: (502) 696-5405 Email: michelle.rudovich@ky.gov | Settlement Agreement | | | | $91,718.94 |
| 14 | Arizona Health Care Cost Containment System Steve Duplissis, Section Chief Arizona Attorney General 1275 W. Washington Phoenix, AZ 85007 | Steve Duplissis  Tel: (602) 542-3881 Email: steve.duplissis@azag.gov | Settlement Agreement | | | | $85,302.04 |
| 15 | Medicaid Fraud Control Unit of Oklahoma Office of the Attorney General 313 N.E. 21st Street Oklahoma City, OK 73105 | Ms. Mykel Fry  Tel: (405) 522-2962 Email: mykel.fry@oag.ok.gov | Settlement Agreement | | | | $81,820.80 |
| 16 | Medicaid Fraud Control Unit of Florida Office of the Attorney General PL – 01 The Capitol Tallahassee, Florida 32399 | James D. Varnado  Tel: (850) 414-3488 Email: james.varnado@myfloridalegal.com | Settlement Agreement | | | | $80,779.60 |
| 17 | Hogan Lovells US LLP 1200 17th Street Denver, CO 80202 | Bill Kettlewell  Tel: (617) 371-1005 Email: bill.kettlewell@hoganlovells.com | Professional Services | | | | $69,859.80 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Nutter, Mcclennen & Fish, LLP  Seaport West  155 Seaport Boulevard  Boston, MA 02110-2604 | Ian Roffman  Tel: (617) 439-2421  Email: iroffman@nutter.com | Professional Services | | | | $61,455.03 |
| 19 | Medicaid Fraud Control Unit of Michigan  Office of the Attorney General  2860 Eyde Parkway  East Lansing, MI 48823 | David Tanay  Tel: (517) 241-6509  Email: tanayd@michigan.gov | Settlement Agreement | | | | $53,952.64 |
| 20 | Clements & Pineault LLP  24 Federal Street, 3rd Floor    Boston, MA 02110 | Ben Clements  Tel: (857) 445-0133  Email: bclements@clementspineault.com | Professional Services | | | | $51,717.50 |
| 21 | State Of Indiana Rebates Indiana Medicaid Drug Rebates  26593 Network Places  Chicago, IL 60673 | Allison Taylor  Tel: (317) 233-4455 | Rebates | | | | $46,054.35 |
| 22 | Skillsoft Corporation  300 Innovative Way, Suite 201  Nashua, NH 03062 | Penne Childs  Tel: (506) 462-1354  Email: penne.childs@skillsoft.com | Professional Services | | | | $43,606.01 |
| 23 | Mosaic Solutions Group, LLC 625 Molly Lane, Suite 100  Woodstock, GA 30189 | Rob Kime  Tel: (678) 809-4407  Email: rob.kime@mosaicsg.com | Trade Payable | | | | $43,600.00 |
| 24 | Medicaid Fraud Control Unit of Nevada  Office of the Attorney General  555 East Washington Ave., Ste. 3900  Las Vegas, NV 89101 | Mark N. Kemberling  Tel: (702) 486-3111  Email: mkemberling@ag.nv.gov | Settlement Agreement | | | | $39,049.26 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Medicaid Fraud Control Unit of Texas Office of the Attorney General 6330 Hwy 290 East, Suite 250 Austin, TX 78723 | Stormy Kelly<br><br>Tel: (512) 371-4767<br>Email: stormy.kelly@oag.texas.gov | Settlement Agreement | | | | $38,985.65 |
| 26 | Medicaid Fraud Control Unit of Wisconsin Office of the Attorney General 17 W. Main Street Madison, WI 53703 | Francis Sullivan<br><br>Tel: (608) 267-2222<br>Email: sullivanfx@doj.state.wi.us | Settlement Agreement | | | | $35,543.68 |
| 27 | Winter Wyman Finance Contracting Inc. P.O. Box 845054 Boston, MA 02284-5054 | Mark Shaefer<br><br>Tel: (781) 530-3118<br>Email: mschaefer@winterwyman.com | Trade Payable | | | | $35,483.25 |
| 28 | Valhalla Corp 177 Western Ave. Suite 2 St. Johnsbury, VT 05819 | David Giacobbe<br><br>Tel: (877) 874-3418<br>Email: info@valhalla-inc.com | Trade Payable | | | | $35,431.63 |
| 29 | Porzio Life Sciences, LLC P.O. Box 1997 100 Southgate Parkway Morristown, NJ 07962 | Frank Fazio<br><br>Tel: (973) 889-4202<br>Email: fazio@porziols.com | Professional Services | | | | $32,500.00 |
| 30 | LibbyHoopes, P.C. 399 Boylston Street Ste 200 Boston, MA 02116 | Tom Hoopes<br><br>Tel: (617) 338-9300<br>Email: thoopes@libbyhoopes.com | Professional Services | | | | $32,225.40 |

# MINUTES OF THE BOARD OF DIRECTORS

# OF

# AEGERION PHARMACEUTICALS, INC.

# AND

# AEGERION PHARMACEUTICALS HOLDINGS, INC.

**Exhibit A**

**Approval of Transaction Documents**

**WHEREAS**, each entity set forth on **Annex A** attached hereto (each, a "**Company**" and collectively, the "**Companies**") is a wholly-owned subsidiary of Novelion Therapeutics Inc. ("**Novelion**");

**WHEREAS**, as a result of the financial condition of the Companies, Aegerion Pharmaceuticals, Inc. ("**Aegerion**") has engaged counsel and financial advisors to provide advice to the board of directors of each of the Companies (each, the "**Governing Body**") regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, each Governing Body, after having reviewed and considered the options available to each Company, having consulted its counsel and financial advisors and having received the recommendation of the restructuring committee of Aegerion, has determined that, in its judgment, it is advisable and in the best interests of each Company, its creditors, equity holders, employees and other interested parties that each Company voluntarily files a petition (the "**Petition**" and, such cases, the "**Bankruptcy Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, in support of the Bankruptcy Cases, each Company intends to enter into (i) that certain Restructuring Support Agreement, by and among the Companies, Amryt Pharmaceuticals Plc (the "**Plan Investor**"), certain holders of the 2% unsecured convertible notes issued by Aegerion, the lenders under Aegerion's secured bridge loan facility, and Novelion (the "**Restructuring Support Agreement**"), (ii) that certain Plan Funding Agreement, by and among the Plan Investor and Aegerion (the "**Plan Funding Agreement**"), and (iii) that certain Debtor-in-Possession Credit Agreement (the "**DIP Credit Agreement**"), by and among Aegerion, as borrower, Aegerion Pharmaceuticals Holdings, Inc., as guarantor, the lenders from time to time party thereto and Cantor Fitzgerald Securities, as administrative agent and as collateral agent (the "**DIP Agent**"), each substantially in the form previously presented to the Governing Body of each Company;

**WHEREAS**, in connection with the Bankruptcy Cases, Aegerion intends to enter into an amendment to (i) that certain Master Service Agreement dated as of December 1, 2016, but effective as of November 29, 2016, by and between Aegerion and Novelion Services USA, Inc., and (ii) that certain Master Service Agreement dated as of December 1, 2016, but effective as of November 29, 2016, by and between Aegerion and Novelion, in the form previously presented to the Governing Body of Aegerion (the "**SSA Amendment**");

**WHEREAS**, in connection with the Bankruptcy Cases, the Companies intend to file, in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), a plan of reorganization and the related disclosure statement, each substantially in the forms attached to the Restructuring Support Agreement and previously presented to the Governing Body of each Company (the "**Plan**" and, together with the Restructuring Support Agreement, the Plan Funding Agreement, the DIP Credit Agreement, the

SSA Amendment and all exhibits, appendices and schedules to each and every one of the foregoing documents and agreements, the "**Transaction Documents**"); and

**WHEREAS**, after consultation with its counsel and financial advisors and upon the recommendation of the restructuring committee of the Governing Body of Aegerion, each Governing Body believes that it is advisable and in the best interests of each Company to enter into, deliver and perform its obligations under the Transaction Documents.

**NOW THEREFORE**, it is hereby:

**I.    The Bankruptcy Cases**

**RESOLVED**, that the filing by each Company of the Petition in the Bankruptcy Court, be, and hereby is, authorized, approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that John R. Castellano be, and hereby is, appointed, ratified and approved to serve as an authorized signatory of each Company for all purposes; and it is further

**RESOLVED**, that each of the officers of each Company, including any president, vice president, chief executive officer, chief financial officer, chief restructuring officer, treasurer, or secretary (each of the foregoing, individually, an "**Authorized Officer**" and, together, the "**Authorized Officers**") be and they hereby are authorized, empowered and directed to execute and file the Petition on behalf of each Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of each Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of each Company, to execute and file all schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petition or the Bankruptcy Cases, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy counsel to render legal services to, and to represent, each Company in the Bankruptcy Cases and in any and all related proceedings, subject to the Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ AP Services, LLC, located at 300 N. LaSalle Street, Suite 1900, Chicago, Illinois 60654, as restructuring advisor for the Company in connection with the Bankruptcy Cases, subject to the Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ Moelis & Company, located at 399 Park Avenue, 5th Floor, New York, New York 10022, as financial advisor for each Company in the Bankruptcy Cases, subject to the Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ Prime Clerk LLC, located at 830 Third Avenue, 3rd Floor, New York, New York 10022, as claims, noticing, and solicitation agent for each Company in the Bankruptcy Cases, subject to the Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to retain on behalf of each Company such other professionals and advisors as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to each Company in connection with the Bankruptcy Cases and with respect to other related matters in connection therewith, subject to the Bankruptcy Court approval, if required; and it is further

## II.    The Transaction Documents

**RESOLVED**, that the form, terms and provisions of each Transaction Document (including the DIP Credit Agreement and the other Loan Documents (as hereinafter defined)), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby (including the payments to be made pursuant to the SSA Amendment) and all actions taken by the Authorized Officer(s) in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of each Transaction Document (including the DIP Credit Agreement and the other Loan Documents) and the performance by each Company of its obligations thereunder, including the granting, ratification or reaffirmation of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Credit Agreement, the other Loan Documents and the other Transaction Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by each Governing Body; and it is further

3

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of each Company, the DIP Credit Agreement and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Officer determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "**Loan Documents**"), in each case, with such changes, additions, modifications, and terms as the Authorized Officer(s) executing the Loan Documents shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

**RESOLVED**, that each of the Authorized Officers are hereby authorized, directed and empowered, for and on behalf of and in the name of each Company to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of each Company, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Credit Agreement and the other Loan Documents; and it is further

**RESOLVED**, that to the extent that the approval of each Company in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner or member of any person is required for each Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Credit Agreement, the other Loan Documents or the other Transaction Documents, each Company hereby consents thereto; and it is further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by each Company of the terms, provisions and conditions thereof; and it is further

4

**RESOLVED**, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of each Company in the name and on behalf of each Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects.

### III. Miscellaneous

**RESOLVED**, that John Castellano be, and hereby is, designated as the Treasurer of each Company, to hold such office until his resignation or removal therefrom, and any person acting as Treasurer of either Company as of the date hereof be and hereby is removed from such office and be and hereby is designated as an Assistant Treasurer of each Company; and be it further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by each Company of the terms, provisions and conditions thereof.

## **Annex A**

1. Aegerion Pharmaceuticals, Inc.
2. Aegerion Pharmaceuticals Holdings, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:                                              :      Chapter 11
                                                    :
Aegerion Pharmaceuticals Holdings, Inc.,            :      Case No. 19-_____ (     )
                                                    :
                            Debtor.                 :      (Joint Administration Pending)
------------------------------------------------------x

# LIST OF EQUITY HOLDERS AND CORPORATE OWNERSHIP STATEMENT OF AEGERION PHARMACEUTICALS HOLDINGS, INC. PURSUANT TO BANKRUPTCY RULES 1007(a)(3) AND 7007.1

Aegerion Pharmaceuticals Holdings, Inc. is a wholly-owned subsidiary of Aegerion Pharmaceuticals, Inc., which is a wholly owned subsidiary of QLT Plug Delivery, Inc., which is a wholly-owned subsidiary of Novelion Services USA, Inc., which is a wholly owned subsidiary of Novelion Therapeutics Inc.

As of the Petition Date, EdgePoint Investment Group Inc. is the only entity that owns ten percent (10%) or more of Novelion Therapeutics Inc.'s equity interests.

**Fill in this information to identify the case and this filing:**

Debtor Name  Aegerion Pharmaceuticals Holdings, Inc.

United States Bankruptcy Court for the: Southern    District of New York
                                                                                                         (State)

Case number (*If known*):  19-_____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration: *List of Equity Holders and Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05 / 20 / 2019
               MM / DD / YYYY

                                                                          /s/ John R. Castellano
                                                                        Signature of individual signing on behalf of debtor

                                                                          John R. Castellano
                                                                          Printed name

                                                                          Chief Restructuring Officer
                                                                          Position or relationship to debtor